IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSEPH LAURICELLA,

    Plaintiff,

v.

CORDIS CORPORATION,

    Defendant.

No. C 07-02016 SBA (PR)

**ORDER OF DISMISSAL**

(Docket nos. 2, 5)

## INTRODUCTION

Plaintiff, an inmate at the Santa Clara County Jail, filed a pro se civil rights complaint under 42 U.S.C. § 1983 against Cordis Corporation[1] for manufacturing a "coronary artery drug-eluting stent for use as a heart artery implant in heart surgery," which he alleges "caused [him] to suffer grievous, serious, and sever [sic] injuries, and sustain[] serious and permanent injuries to his health." He has also filed an application for in forma pauperis status and a request for confirmation of pro se status. Venue is proper in this district because the acts complained of occurred in Santa Clara County, which is located in this judicial district. See 28 U.S.C. § 1391(b).

For the reasons discussed below, the Court DISMISSES Plaintiff's claims as not cognizable under 42 U.S.C. § 1983.

## DISCUSSION

### I. Legal Standard

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

---

[1] Plaintiff alleges that Cordis Corporation is affiliated with the Johnson and Johnson Company.

1  § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that
2  are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary
3  relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2).

4  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
5  (1) that a right secured by the Constitution or laws of the United States was violated, and
6  (2) that the alleged violation was committed by a person acting under the color of State law. West v.
7  Atkins, 487 U.S. 42, 48 (1988). "'[A] complaint should not be dismissed for failure to state a claim
8  unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim
9  which would entitle him to relief.'" Terracom v. Valley National Bank, 49 F.3d 555, 558 (9th Cir.
10 1995) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Pro se pleadings must be liberally
11 construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). A claim that is
12 totally incomprehensible may be dismissed as frivolous as it is without an arguable basis in law. See
13 Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989).

14 **II.     Legal Claims**

15 Plaintiff names a private Defendant, Cordis Corporation. This Defendant cannot be sued
16 under 42 U.S.C. § 1983.

17 Plaintiff does not allege that Defendant was acting under color of state law. Action taken by
18 a private organization may be under color of state law "if, though only if, there is such a close nexus
19 between the State and the challenged action that seemingly private behavior may be fairly treated as
20 that of the State itself." Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S.
21 288, 295 (2001) (internal quotations omitted). The Supreme Court has found state action when a
22 challenged activity results from the State's exercise of coercive power, when the State provides
23 significant encouragement for the activity, or when a private actor operates as a willful participant in
24 joint activity with the State. See id. The Court finds that Plaintiff alleges no facts suggesting the
25 conduct of Cordis Corporation could fairly be treated as conduct of the State itself.

26 Because Plaintiff's allegations against Defendant involve purely private conduct, they do not
27 meet the standards for cognizable claims under § 1983. See Gomez v. Toledo, 446 U.S. 635, 640
28

2

1 (1980) (a private citizen does not act under color of state law, an essential element of a § 1983

2 action); <u>Ouzts v. Maryland Nat'l Ins. Co.</u>, 505 F.3d 547, 559 (9th Cir. 1974), <u>cert. denied</u>, 421 U.S.

3 949 (1975).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's claims against Defendant are not cognizable and are DISMISSED with prejudice.   The Clerk of the Court shall enter judgment, terminate all pending motions (docket nos. 2, 5) and close the file.  No filing fee is due.

This Order terminates Docket nos. 2 and 5.

IT IS SO ORDERED.

DATED: 5/17/07

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.07\Lauricella2016.dismiss.wpd   2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

KAMAL A. SEFELDEEN,

        Plaintiff,

v.

BOARD OF PRISON TERMS et al,

        Defendant.
                                         /

Case Number: CV07-01289 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 18, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kamal A. Sefeldeen
San Quentin State Prison
#D-65574
CSP-San Quentin
San Quentin, CA 94974

Dated: May 18, 2007

                                       Richard W. Wieking, Clerk
                                       By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.07\Lauricella2016.dismiss.wpd

P:\PRO-SE\SBA\CR.07\Lauricella2016.dismiss.wpd    5