UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOSEPH LAURICELLA, | Case No:  C 07-2016 SBA |
| Plaintiff, | **ORDER DISMISSING ACTION WITH LEAVE TO AMEND** |
| vs. | Docket 25 |
| CORDIS CORPORATION, | |
| Defendant. | |

Plaintiff is incarcerated at D.V.I. State Prison in Tracy, California.  He filed the instant diversity jurisdiction action against Defendant Cordis Corporation (Cordis) in this Court.  The Complaint alleges that Cordis, a Florida corporation, is liable for designing and/or manufacturing an allegedly defective medical device known as "Cypher."  The Court previously granted Plaintiff's request to proceed in forma pauperis (IFP).  However, Plaintiff has filed a motion for clarification of his IFP status to ensure his access to the law library. (Docket 25.)

Under 28 U.S.C. § 1915(e)(2), federal courts are authorized to review claims filed IFP prior to service and to dismiss the case at any time if the court determines that:  (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief.  A pleading filed by a pro se plaintiff must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

When jurisdiction is founded solely on diversity, venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial

1   district in which any defendant is subject to personal jurisdiction at the time the action is

2   commenced, if there is no district in which the action may otherwise be brought."  28 U.S.C.

3   § 1391(a). Venue may be raised by the court sua sponte where the defendant has not yet filed a

4   responsive pleading and the time for doing so has not run.  Costlow v. Weeks, 790 F.2d 1486,

5   1488 (9th Cir. 1986).  Where a case is filed in the wrong venue, the district court has the

6   discretion either to dismiss the case or transfer it to the proper federal court "in the interest of

7   justice."  See 28 U.S.C. § 1406(a).

8        Here, Plaintiff alleges that venue is proper in this District because Defendant is subject

9   to personal jurisdiction here.  See Compl. ¶ 4.  However, Plaintiff alleges no facts in support of

10   that claim.  To properly establish personal jurisdiction, Plaintiff must allege facts

11   demonstrating the Defendant's connections with California in one of two ways.  First, Plaintiff

12   may allege facts demonstrating that Defendant's relationship with California is sufficiently

13   significant to reasonably require that Defendant defend itself in this Court.  Int'l Shoe Co. v.

14   Washington, 326 U.S. 310, 316 (1945).  Second, Plaintiff may allege facts demonstrating that

15   Defendant "purposefully availed" itself of the privileges of conducting activities in California

16   by showing that the Defendant engaged in conduct aimed at and having an effect in California.

17   Lee v. City of Los Angeles, 250 F.3d 668, 692 (9th Cir. 2001).  In other words, Plaintiff must

18   allege facts showing that the Defendant's intentional actions had some effect in California so

19   that the Defendant, a non-resident, is not required to defend itself in California in an action that

20   had a minimal (or possibly no) effect in the state.  Burger King Corp. v. Rudzewicz, 471 U.S.

21   462, 476 (1985).  As Plaintiff has not alleged sufficient facts demonstrating that this Court has

22   personal jurisdiction over a non-resident defendant, Plaintiff cannot proceed with this action

23   until such time as the Court is persuaded the Defendant is subject to personal jurisdiction in

24   this state.  See Sanders v. United States, 760 F.2d 869, 871 (8th Cir. 1985) (dismissing

25   plaintiff's pro se claim under section 1915 for failing to allege facts that would support the

26   exercise of personal jurisdiction over defendants).

27        The Court also notes that venue based on 28 U.S.C. § 1391(a)(3), i.e., a forum where

28   the defendant is subject to personal jurisdiction, is permissible only if there is no other forum in

which the case may be brought.  28 U.S.C. § 1391(a)(3).  As such, the Court must determine whether venue is proper under 28 U.S.C. § 1391(a)(1) or (2).  Plaintiff alleges that Defendant resides in Florida, and thus, the case could be brought there.  28 U.S.C. § 1391(a)(1).  However, there may be a forum other than Florida, including this District, where the case may be brought depending on where a "substantial part of the events or omissions giving rise to the claim occurred…."  28 U.S.C. § 1391(a)(2).  However, Plaintiff has not alleged any facts regarding where such events transpired.  Thus, before Plaintiff may rely on 28 U.S.C. § 1391(a)(3), he must allege facts concerning where a substantial part of the events forming the basis of his Complaint occurred in order for the Court to make an informed decision regarding whether venue properly lies in this District.

Finally, Plaintiff seeks clarification of his IFP status so that he will be allowed access to the law library.  The Court previously granted Plaintiff's request to proceed IFP.   However, to the extent that "clarification" is necessary to ensure his access to the law library, such clarification is granted.

Accordingly,

IT IS HEREBY ORDERED THAT:

1.	The instant action is DISMISSED WITH LEAVE TO AMEND in the manner set forth above.  Plaintiff shall file his amended complaint within 30 days of the date this order is filed.  The failure to do so will result in the dismissal of the action with prejudice for failure to prosecute.

2.	Plaintiff's motion to clarify his IFP status for the purpose of ensuring access to the law library is GRANTED.

3.	This order terminates Docket 25.

IT IS SO ORDERED.

Dated: September 29, 2009

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

1

2 UNITED STATES DISTRICT COURT
FOR THE
3 NORTHERN DISTRICT OF CALIFORNIA

4

5 JOSEPH LAURICELLA,

6         Plaintiff,

7   v.

8 CORDIS CORPORATION et al,

9         Defendant.
_____/

10

11                          Case Number: CV07-02016 SBA

12                          **CERTIFICATE OF SERVICE**

13 I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
14 Court, Northern District of California.

15 That on September 30, 2009, I SERVED a true and correct copy(ies) of the attached, by placing
said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by
16 depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery
receptacle located in the Clerk's office.

17

18

19 Joseph Lauricella F-79306
D.V.I. State Prison
20 P.O. Box 600
Tracy, CA 95378

21 Dated: September 30, 2009

22                          Richard W. Wieking, Clerk

23                          By: LISA R CLARK, Deputy Clerk

24

25

26

27

28