IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LAURICELLA,<br><br>       Plaintiff,<br><br>  v.<br><br>CORDIS CORPORATION,<br><br>       Defendant.                                    / | No. C 07-2016 SBA (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANT TO RESPOND TO THE ISSUE OF VENUE; AND SETTING BRIEFING SCHEDULE** |

Plaintiff, currently incarcerated at the California Substance Abuse Treatment Facility State Prison at Corcoran, has filed the instant diversity jurisdiction action, pursuant to 28 U.S.C. § 1332, against Defendant Cordis Corporation. His complaint alleges that Defendant, a Florida corporation, is liable for designing and/or manufacturing an allegedly defective medical device known as "Cypher." Plaintiff has been granted leave to proceed in forma pauperis.

In a September 29, 2009 Order, the Court dismissed the action with leave to amend. The Court instructed Plaintiff that he must plead sufficient facts demonstrating that it has personal jurisdiction over a non-resident defendant.

On October 23, 2009, Plaintiff filed his amended complaint. Plaintiff seeks monetary damages for the following product liability causes of action: strict liability in tort; negligence; breach of implied warranty; breach of express warranty; fraud; and negligent misrepresentation.

Having reviewed Plaintiff's amended complaint, the Court finds he has alleged sufficient fact to show that venue here is statutorily proper. Therefore, the Court directs the United States Marshal to issue service on Defendant. Defendant shall respond to the issue of venue, as directed below. The parties are directed to abide by the scheduling order outlined below.

**DISCUSSION**

**I.     Background**

Plaintiff alleges that on August 16, 2006, he "underwent a cardiac catheterization procedure in which Vally [sic] Medical Center [in San Jose, California] placed a 'Cordis Cypher Stent', a drug-eluting stent . . . into the Plaintiff's heart." (Am. Compl. at 5.) Plaintiff claims that he "has suffered

and will continue to suffer pain . . . because of the placement of the Defendant's alleged defective medical device." Id.

Because Plaintiff's claim is not based on a federal question, he must first show that the Court has original jurisdiction through diversity of citizenship under 28 U.S.C. § 1332(a), which requires the matter in controversy to exceed $75,000. Section 1332(a)(1) further requires that the parties be citizens of different states. Plaintiff has met these requirements by asserting that he is a citizen of California, that Defendant is incorporated in Florida, and by seeking damages in excess of $5,000,000. (Am. Compl. at 2, 4.)

## II. Venue

When jurisdiction is founded only on diversity, as it is here, venue is proper in a district in which (1) any defendant resides, if all of the defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a). A defendant corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. § 1391(c). Where an alternative forum with greater relation to the defendant or the action exists than the forum in which the action was filed, 28 U.S.C. § 1404(a) allows transfer of a case from one federal district court to another "[f]or the convenience of parties and witnesses, in the interest of justice." And where a case is filed in the wrong venue, the district court has the discretion either to dismiss the case or transfer it to the proper federal court "in the interest of justice." See 28 U.S.C. § 1406(a). Venue may be raised by the court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).

In the Court's September 29, 2009 Order, it informed Plaintiff that he must allege facts demonstrating Defendant's connections with California in one of two ways:

> First, Plaintiff may allege facts demonstrating that Defendant's relationship with California is sufficiently significant to reasonably require that Defendant defend itself in this Court. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).
> Second, Plaintiff may allege facts demonstrating that Defendant "purposefully

2

availed" itself of the privileges of conducting activities in California by showing that the Defendant engaged in conduct aimed at and having an effect in California. Lee v. City of Los Angeles, 250 F.3d 668, 692 (9th Cir. 2001). In other words, Plaintiff must allege facts showing that the Defendant's intentional actions had some effect in California so that the Defendant, a non-resident, is not required to defend itself in California in an action that had a minimal (or possibly no) effect in the state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985).

(Sept. 29, 2009 Order at 2.) Plaintiff has attempted to meet both possible prongs.

Plaintiff first alleges that venue is proper in this District because Defendant has sufficient minimum contacts in California that it is subject to personal jurisdiction here. (Am. Compl. at 2.) To support this allegation, he claims that Defendant "does/has substantial sales" in California and "does a substantial amount of advertising which is directed to Medical Persons, and Medical Facilities" in California. (Id. at 3.) It "sells, monitors, warranties and tests its product" in California and employs salespeople here. (Id. at 2.) Therefore, Plaintiff alleges that "Defendant's conections [sic] with California is [sic] sufficiently significant to reasonable [sic] require Defendant to defend itself in this court." (Id. at 2-3.)

Plaintiff next alleges that Defendant "'purposefully availed' itself to [sic] the privileges of conducting activities in California" by selling the device here and profiting from the sales. (Id. at 3.) Defendant directs its products to California in the hope that medical procedures will be performed in the state. (Id.) He also claims that Defendant pays taxes in California. (Id.)

Plaintiff has satisfied the Court that Defendant is subject to personal jurisdiction in the District under the requirements set forth in Burger King Corp. and, therefore, he has established enough to show that venue here is statutorily proper. See Burger King Corp., 471 U.S. at 462. The Court therefore ORDERS service of process on Defendant, as directed below.

However, 28 U.S.C. § 1404(a) allows the Court to transfer a claim to any other district where the case might have been brought in consideration of the convenience of parties and witnesses and in the interest of justice. Although this Court is a statutorily proper venue for Plaintiff's claim, it is not necessarily the only proper venue. Because Defendant is a corporation, venue may also be proper in its state of incorporation or in its principal place of business. If Defendant believes that this case should not be heard in this venue, it must specifically respond to the allegations made by Plaintiff

relating to venue in his amended complaint, including that:

    1.    Defendant "does/has substantial sales" and "does a substantial amount of advertising which is directed to Medical Persons, and Medical Facilities" in California. (Am. Compl. at 3.)

    2.    Defendant "sells, monitors, warranties and tests its product" in California. (Id. at 2.)

    3.    Defendant employs salespeople in California. (Id.)

    4.    Defendant pays taxes in California. (Id. at 3.)

Defendant should also broadly assert why it believes it is not subject to personal jurisdiction in the United States District Court for the Northern District of California, if appropriate.

### III.    Order of Service

#### A.    Standard of Review

Title 28 U.S.C. § 1915(d) authorizes federal courts to dismiss a claim filed in forma pauperis prior to service "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." Under this standard, a district court may review the complaint and dismiss sua sponte those claims premised on meritless legal theories or that clearly lack any factual basis. Denton v. Hernandez, 112 S. Ct. 1728, 1730-31 (1992). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

#### B.    Claim of Product Liability

In the present case, Plaintiff seeks monetary relief from Defendant for damages caused from designing and/or manufacturing an allegedly defective medical device. In this diversity action properly brought under 28 U.S.C. § 1332, the Court will apply the substantive law of the State of California. Motschenbacher v. R.J. Reynolds Tobacco Co., 498 F.2d 821, 823 (9th Cir. 1974). California Law provides:

> (a)    In a product liability action, a manufacturer or seller shall not be liable if both of the following apply:
>
>     (1)    The product is inherently unsafe and the product is known to be unsafe by the ordinary consumer who consumes the product with the ordinary knowledge common to the community.
>
>     (2)    The product is a common consumer product intended for personal consumption, such as sugar, castor oil, alcohol, and butter . . . .

Cal. Civ. Code § 1714.45(a). A "product liability action" is defined as "any action for injury or

death caused by a product . . . ." Id. § 1714.45(c).

Accordingly, Plaintiff's claim against Defendant is COGNIZABLE because it constitutes a claim for product liability against the manufacturer of an allegedly defective medical device.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable claim for product liability against Defendant Cordis Corporation.

2. Because Plaintiff is proceeding in forma pauperis, he is entitled to service of Defendant Cordis Corporation by the United States Marshal. Fed. Rule Civ. P. 4(c)(3).

Good cause appearing, the United States Marshal is hereby ORDERED to attempt to effect service upon **Defendant Cordis Corporation c/o CT Corporation System, Corporation's Agent for Service of Process at 818 West Seventh Street, Los Angeles, California 90017.** The United States Marshal shall serve **CT Corporation System**, who, as mentioned above, is an agent of Defendant Cordis Corporation "authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2).

The Clerk shall provide the United States Marshal with the necessary summons and copies of: (1) the original complaint as well as copies of all attachments thereto (docket no. 1); (2) the Court's September 29, 2009 Order Dismissing Action with Leave to Amend (docket no. 27); (3) the amended complaint as well as copies of all attachments thereto (docket no. 32); and (4) this Order. The United States Marshal shall attempt service within **ten (10) days**.

The Clerk shall also mail a courtesy copy of this Order to Plaintiff.

3. This case has been pending for many years, and there is no reason for further delay. In order to expedite the resolution of this case, the Court orders as follows:

    a. Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure. No later than **twenty (20) days** from the date of service, Defendant shall file an answer to Plaintiff's amended complaint. In its answer, Defendant shall respond to the issue of venue described above in Part II or shall waive any objection it may have.

    b. In addition, no later than **thirty (30) days** from the date the answer is due,

Defendant shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

   c.   Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **thirty (30) days** after the date on which Defendant's motion is filed. The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendant's dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his

complaint.

        d.     If Defendant wishes to file a reply brief, it shall do so no later than **fifteen (15) days** after the date Plaintiff's opposition is filed.

        e.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5.     Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

6.     All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

7.     It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8.     Because this case has been pending for almost three years, **no further extensions of time will be granted in this case absent exigent circumstances**. If exigent circumstances exist, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 7/1/10

                                                             SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JOSEPH LAURICELLA,

        Plaintiff,

v.

CORDIS CORPORATION et al,

        Defendant.

Case Number: CV07-02016 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 2, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joseph Lauricella F-79306
CSATF State Prison at Corcoran
P.O. Box 5244
Corcoran, CA 93212

Dated: July 2, 2010

    Richard W. Wieking, Clerk
    By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.07\Lauricella2016.BriefingSched&Service.frm